UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
DOCKET NO. 3:06-cr-00023-FDW

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | ORDER |
| | ) | |
| JERRY THOMAS COLLINS, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |
| | ) | |

THIS MATTER is before the Court on the Government's Response, (Doc. No. 62), to

Defendant's "Supplemental Motion to Reduce Sentence Pursuant to First Step Act of 2018," (Doc.

No. 59). In light of the issues raised by the parties in those pleadings and to ensure the parties

have notice and a meaningful opportunity to challenge any designated predicate convictions,[1] the

Court hereby DIRECTS the United States Probation Office to prepare a supplemental presentence

report: 1) identifying all prior convictions that could support Defendant's designation as a career

offender, 2) determining whether he should be classified as a career offender, and 3) recalculating

the range advised by the Sentencing Guidelines, if necessary to supplement the prior recalculation

in the Supplemental PSR (Doc. No. 60). The parties shall follow the procedures in Federal Rule

---

[1] See United States v. Rumley, 952 F.3d 538 (4th Cir. 2020), cert. denied, Rumley v. United States, 141 S.Ct. 1284
(2021); see also United States v. Al-Muwwakkil, 983 F.3d 748, 766 (4th Cir. 2020) ("In advance of that
resentencing hearing, the Government may follow the course set out in Rumley to state which of Al-Muwwakkil's
convictions it contends could serve as the third ACCA predicate . . . ."); United States v. Nipper, 806 F. App'x 197,
198 (4th Cir.) ("Because Nipper 'had both notice and a meaningful opportunity to challenge the designated predicate
convictions prior to the resentencing hearing,' the district court did not err in considering previously unidentified
ACCA predicates." (quoting Rumley, 952 F.3d at 545), cert. denied, 141 S. Ct. 338, 208 L. Ed. 2d 75 (2020).

1

of Criminal Procedure 32(f) in making any objections to the supplemental report. After the probation office submits the supplemental presentence report and an addendum containing any unresolved objections, the grounds for those objections, and the probation officer's comments on them, the parties shall have fourteen (14) days to file a brief to supplement their arguments on Defendant's pending Motions to Reduce Sentence Pursuant to the First Step Act of 2018. This supplement should also contain the party's respective position on whether a hearing with Defendant present is required.

IT IS SO ORDERED.

Signed: October 28, 2021

Frank D. Whitney
United States District Judge

2