UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
DOCKET NO. 3:06-cr-00023-FDW

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| | ) | |
| vs. | ) | |
| | ) | ORDER |
| JERRY THOMAS COLLINS, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

THIS MATTER is before the Court on Defendant's pro se Motion for a Reduced Sentence under the First Step Act of 2018, (Doc. Nos. 50, 52), which he supplemented via an appearance by counsel (Doc. No. 59). The Government has filed a response to the motions. (Doc. Nos. 54, 62). In accordance with district practice, the United States Probation Office prepared a Supplemental Presentence Report pursuant to the First Step Act of 2018 (hereafter, "Supplemental First Step Act PSR"). (Doc. No. 60). Upon order of this Court (Doc. No. 63), the United States Probation Office prepared a Second Supplemental Presentence Report (hereafter, "Second Supplemental PSR"). (Doc. No. 64). Neither the Government nor Defendant filed any objections to the Second Supplemental PSR. For the reasons that follow, Defendant's Motion to Reduce is GRANTED.

## I. BACKGROUND

In September of 2005, police investigated complaints of drug dealing at a residence in Charlotte, North Carolina, where Defendant lived. Police observed Defendant conduct a hand-to-hand drug transaction and later conducted a knock-and-talk at the home. Defendant consented to

1

a search of the home, and police found 55 grams of powder cocaine, 84 grams of crack cocaine, and .380 caliber semiautomatic pistol.  Defendant admitted he had possessed and trafficked in cocaine and that the firearm belonged to him.  In 2006, Defendant plead guilty to: 1) possessing a firearm as a convicted felon, 18 U.S.C. § 922(g)(1); 2) possessing with intent to distribute at least 50 grams of crack cocaine and a detectable amount of powder cocaine, 21 U.S.C. § 841(a); and 3) possessing a firearm in furtherance of a drug-trafficking offense, 18 U.S.C. § 924(c)(1).  (Doc. Nos. 17, 18).

The original Presentence calculated a base offense level of 32 based on Defendant's responsibility for 55.42 grams of powder cocaine and 84.39 grams of cocaine base.  (Doc. No. 38). Based on Defendant's prior convictions for larceny, attempted robbery with a dangerous weapon, and robbery with a dangerous weapon, the PSR determined that Collins was a career offender and an armed career criminal, increasing his adjusted offense level to 37 and his total offense level to 34.  (Id.)  The Sentencing Guidelines advised an aggregate sentence of between 322 and 387 months in prison. (Id.)  The PSR also noted that Collins faced a mandatory-minimum sentence of 15 years in prison for the felon-in-possession offense, a mandatory-minimum sentence of 10 years in prison for the drug-trafficking offense, and a mandatory consecutive sentence of 5 years in prison for the section 924(c) firearm offense.  During the sentencing hearing on April 7, 2008, the Court adopted probation's guidelines and statutory calculations and imposed two concurrent terms of 262 months on the Section 922(g) and Section 841 counts, and a consecutive term of 60 months on the Section 924(c) count for an aggregate sentence of 322 months.  (Doc. No. 22).  The Court also imposed three 5-year concurrent terms of supervised release.  (Id.).

The Court subsequently denied Defendant's motions to reduce sentence pursuant to amendments to the Guidelines, therefore leaving in place the sentence as originally imposed. (Doc. Nos. 44, 47).

## II.    ANALYSIS

Defendant asks this Court to reduce his sentence to a term of time served and a reduced supervised release term of four years. (Doc. No. 59, p. 1). Defendant seeks relief pursuant to Section 404 of the First Step Act of 2018, Pub. L. No. 115-391, 132 Stat. 5194, which made the Fair Sentencing Act of 2010, Pub. L. No. 111-220, retroactive. The Fair Sentencing Act described itself as intended "[t]o restore fairness to Federal cocaine sentencing." Id., 124 Stat. at 2372. In Section 2, labeled "Cocaine Sentencing Disparity Reduction," the Fair Sentencing Act increased the quantities applicable to cocaine base to 280 grams for the ten-year mandatory minimum and to 28 grams for the five-year mandatory minimum. Id. § 2, 124 Stat. at 2372 (codified at 21 U.S.C. § 841(b)(1)). In Section 3, the Fair Sentencing Act eliminated the mandatory minimum sentence for "simple possession" of cocaine base. Fair Sentencing Act § 3, 124 Stat. at 2372 (codified at 21 U.S.C. § 844(a)).

With its enactment in 2018, Section 404 of the First Step Act gives retroactive effect to the changes made by Sections 2 and 3 of the Fair Sentencing Act of 2010 and allows the court that imposed a sentence for a covered offense to exercise its discretion to impose a reduced sentence as if Section 2 or 3 of the Fair Sentencing Act of 2010 were in effect at the time the covered offense was committed. Id. The Fourth Circuit has explained the impact:

> [B]efore the Fair Sentencing Act, crack cocaine trafficking offenses fell into three brackets: (1) offenses involving 50 or more grams, which were punished by 10 years to life in prison, see 21 U.S.C. § 841(b)(1)(A)(iii) (2006); (2) offenses involving between 5 and 50 grams, which were punished by 5 to 40 years in prison,

see 21 U.S.C. § 841(b)(1)(B)(iii) (2006); and (3) offenses involving less than 5 grams (or an unspecified amount), which were punished by 0 to 20 years in prison, see 21 U.S.C. § 841(b)(1)(C) (2006). The Fair Sentencing Act's amendments to Subsections 841(b)(1)(A)(iii) and (B)(iii) shifted all three brackets upward, so that now (1) offenses involving 280 or more grams are punished by 10 years to life in prison, see 21 U.S.C. § 841(b)(1)(A)(iii) (2018); (2) offenses involving between 28 and 280 grams are punished by 5 to 40 years in prison, see 21 U.S.C. § 841(b)(1)(B)(iii) (2018); and (3) offenses involving less than 28 grams (or an unspecified amount) are punished by 0 to 20 years in prison, see 21 U.S.C. § 841(b)(1)(C) (2018).

United States v. Woodson, 962 F.3d 812, 815 (4th Cir. 2020)

## A.      Standard of Review

As an initial matter, the Fourth Circuit has recognized a defendant need not be present when considering his motions for sentence reduction pursuant to the First Step Act.  United States v. Collington, 995 F.3d 347, 360 (4th Cir. 2021) (noting "procedural reasonableness in this context [of a First Step Act motion under Section 404(b)] would not require the district court to hold a resentencing hearing") see also Fed. R. Crim. P. 43(b) ("A defendant need not be present under any of the following circumstances: . . . (4) Sentence Correction. The proceeding involves the correction or reduction of sentence under Rule 35 or 18 U.S.C. § 3582(c)."); United States v. Barraza, No. 3:07-CR-00079-FDW, 2021 WL 4810338, at *1 (W.D.N.C. Oct. 14, 2021) ("Rule 43(b)'s reference to '18 U.S.C. § 3582(c)' in its entirety and without limitation to subsection necessarily means a defendant is not required to be present for sentence reduction proceedings conducted pursuant to § 3582(c)(1)(A), § 3582(c)(1)(B), or § 3582(c)(2).").  Accordingly, no hearing is required.

This Court must first determine whether Defendant's sentence satisfies the explicit criteria to *qualify* for reduction under the First Step Act, and, if so, then the court is given discretion to

4

*impose* a reduced sentence as if the Fair Sentencing Act were in effect at the time the covered

offense was committed. The Fourth Circuit has explained:

> [A] district court presented with a First Step Act motion to reduce a sentence must first determine whether the sentence qualifies for reduction — i.e., whether it is eligible for consideration on the merits. This eligibility determination is not a function of discretion but simply of applying the explicit criteria set forth in the First Step Act. *First*, the sentence sought to be reduced must be for a "covered offense" — that is, "a violation of a Federal criminal statute the statutory penalties for which were modified by section 2 or 3 of the Fair Sentencing Act of 2010, and that was committed before August 3, 2010." First Step Act, § 404(a), 132 Stat. at 5222 (citation omitted). We have concluded that a "covered offense" includes violations under 21 U.S.C. §§ 841(b)(1)(A)(iii), (b)(1)(B)(iii), and (b)(1)(C). *Second*, the motion for a reduction must be addressed to the court that imposed the subject sentence. First Step Act, § 404(b), 132 Stat. at 5222; cf. 28 U.S.C. § 2255(a) (requiring that § 2255 motions challenging sentences be made to "the court which imposed the sentence"). And *third*, the sentence must not have been "previously imposed or previously reduced" under the Fair Sentencing Act and must not have been the subject of a motion made after enactment of the First Step Act that was denied "after a complete review of the motion on the merits." First Step Act, § 404(c), 132 Stat. at 5222.

> Upon determining that a sentence qualifies for review on the merits, the court is then given discretion to impose a reduced sentence as if the Fair Sentencing Act were in effect at the time the covered offense was committed. First Step Act, § 404(b), 132 Stat. at 5222. The stated policy governing the exercise of this discretion is to bring a sentence that is qualified for reduction in line with a sentence that the court would have imposed under the Fair Sentencing Act had it been in effect. [See Fact Sheet, Senate Comm. on the Judiciary, The First Step Act of 2018 (S. 3649) — as Introduced (Nov. 15, 2018)].

> To determine the sentence that the court would have imposed under the Fair Sentencing Act, the court must engage in a brief analysis that involves the recalculation of the Sentencing Guidelines in light of intervening case law and a brief reconsideration of the factors set forth in 18 U.S.C. § 3553(a). And in considering the § 3553(a) factors, the court can take into account a defendant's conduct after his initial sentencing.

United States v. Lancaster, 997 F.3d 171, 174–75 (4th Cir. 2021) (internal case citations and

quotations omitted; emphasis in original); see also United States v. Collington, 995 F.3d 347, 355

(4th Cir. 2021).

The Fourth Circuit requires that the imposition of a reduced sentence be procedurally and substantively reasonable, which means that in exercising its discretion, the district court must "consider a defendant's arguments, give individual consideration to the defendant's characteristics in light of the § 3553(a) factors, determine—following the Fair Sentencing Act—whether a given sentence remains appropriate in light of those factors, and adequately explain that decision." Collington, 995 F.3d at 360 (citations omitted). Notwithstanding the procedural and substantive reasonableness requirements in this Circuit, the Court is not required to engage in a complete resentencing of Defendant:

> Engaging in this analysis nonetheless leaves the court with much discretion, and the analysis is not intended to constitute a plenary resentencing. Moreover, the analysis is not intended to be a complete or new relitigation of Guidelines issues or the § 3553(a) factors. Rather, the scope of the analysis is defined by the gaps left from the original sentencing to enable the court to determine what sentence it would have imposed under the Fair Sentencing Act in light of intervening circumstances. If, after conducting the analysis, the court determines that the sentence would not be reduced, then no relief under the First Step Act is indicated.

Lancaster, 997 F.3d at 175 (case citations omitted); see also Collington, 995 F.3d at 358 ("Ultimately, the First Step Act contemplates a robust resentencing analysis, albeit not a plenary resentencing hearing."); but see Lancaster, 997 F.3d at 178 (Wilkinson, J., concurring) ("[O]ur circuit, notwithstanding the protestations, has come very close to requiring a plenary resentencing at a more than ten-year remove from the most relevant evidence."). Bearing these principles in mind, the Court turns to Defendant's arguments.

**B.      First Step Act**

Here, the parties agree Defendant's conviction for possession with intent to distribute cocaine and cocaine base is a "covered offense" making Defendant eligible for a sentence reduction under the First Step Act. See First Step Act § 404(a), 132 Stat. at 5222; see also United

6

States v. Gravatt, 953 F.3d 258, 262 (4th Cir. 2020) (holding that a "covered offense" under Section 404(a) of the Act can include a conviction for "a multi-object conspiracy where the penalties of one object (possession of crack cocaine) were modified by the Fair Sentencing Act, while the penalties of the other (powder cocaine) were not reduced . . . ."); Lancaster, 997 F.3d at 174 (4th Cir. 2021) ("We have concluded that a "covered offense" includes violations under 21 U.S.C. §§ 841(b)(1)(A)(iii), (b)(1)(B)(iii), and (b)(1)(C)." (Citations omitted)).

Having determined Defendant qualifies for a reduction, the Court turns to the merits of the arguments. In do so, the Court has reviewed the entire record, the parties' arguments, the new advisory guideline range, and all relevant factors under 18 U.S.C. § 3553(a). See, e.g., Chavez-Mesa v. United States, 138 S. Ct. 1959, 1966–68 (2018); Lancaster, 997 F.3d at 176; Collington, 995 F.3d at 360; Chambers. 956 F.3d at 671–75; United States v. May, 783 F. App'x 309, 310 (4th Cir. 2019) (per curiam) (unpublished).

Defendant argues that application of Lancaster, Collington, and United States v. Norman, 935 F.3d 232 (4th Cir. 2019), indicate that Defendant no longer qualifies as a career offender pursuant to U.S.S.G. §4B1.1 or as an armed career criminal pursuant to U.S.S.G. §4B1.4. Pursuant to the Second Supplemental PSR, there is no longer a sufficient basis under the 2021 Guidelines manual to designate Defendant as a career offender and the guidelines must be recalculated accordingly. (Doc. No. 64, p. 1). The Court agrees with and adopts that analysis. See United States v. Rogers, 814 F. App'x 781 (4th Cir. 2020).

The Second Supplemental PSR, however, indicates Defendant remains an armed career criminal because he has at least three prior convictions for a "violent felony" committed on occasions different from one another. The offenses to support this designation are identified within

7

the Second Supplemental PSR. The Court's Order directing Probation to file the Second Supplemental PSR provided Defendant and the Government adequate notice that the Court would consider additional convictions to support his armed career criminal sentence enhancement, and the Court explicitly provided a time for objections and briefing on this precise issue. See Doc. No. 62, see also; United States v. Rumley, 952 F.3d 538 (4th Cir. 2020), cert. denied, 141 S. Ct. 1284, 209 L. Ed. 2d 19 (2021); United States v. Hodge, 902 F.3d 420, 428 (4th Cir. 2018),. Neither Defendant nor the Government objected to this analysis and calculations contained within the Second Supplemental PSR, and the time for doing so has long expired. Rumley, 952 F.3d at 545 ("We conclude that because Hodge is grounded on the defendant's lack of notice and opportunity to contest an ACCA predicate identified for the first time during a collateral proceeding, Hodge does not govern where, as here, the defendant had both notice and a meaningful opportunity to challenge the designated predicate convictions prior to the resentencing hearing."). Accordingly, the Court adopts the armed career criminal sentence enhancement analysis in the Second Supplemental PSR, as well.

Applying this enhancement, the PSR recalculates a base offense level of 33 with a criminal history category of IV. Consequently, Defendant's revised guidelines range, considering all intervening changes in the law, indicates a term of imprisonment between 188 to 235 months concurrently for Counts 1 and 2, while the 60 months consecutive on Count 3 remains the same. (Id. at p. 2).

Next, in determining the sentence that would have imposed had the Fair Sentencing Act been in effect, the Court must also consider the relevant 18 U.S.C. § 3553(a) factors,[1] including

---

[1] In considering whether a reduced sentence is warranted given the applicable § 3553(a) factors, the Court considers "the nature and circumstances of the offense;" "the history and characteristics of the defendant;" "the need to avoid

evidence of Defendant's post-sentencing conduct.  See, e.g., Chavez-Meza v. United States, __ U.S. __, 138 S. Ct. 1959, 201 L.Ed.2d 359 (2018) (explaining obligations of district judge in addressing sentence-modification motion under 18 U.S.C. § 3582(c)(2)); United States v. Martin, 916 F.3d 389 (4th Cir. 2019) (applying Chavez-Meza and explaining obligation of district judge to consider post-sentencing mitigation evidence and provide rationale in addressing § 3582(c)(2) sentence-modification motion).

Here, the parties offer little argument on these factors beyond what is already in the record, and the Court finds that its previous analysis at the original sentencing remains applicable here. See United States v. Robinson, No. 1:07-CR-00032-MR-4, 2021 WL 3726744, at *9 (W.D.N.C. Aug. 23, 2021) ("The Defendant's offense conduct and criminal history have not changed, nor have the Defendant's other pre-offense history and characteristics or the circumstance surrounding his criminal activities. All that has changed is that the Defendant has exhibited some rehabilitation, the adoption of the Fair Sentencing Act has embraced a view that crack cocaine offenses should be treated with a little bit more leniency, and the First Step Act has allowed the Defendant a re-examination of his sentence. The legal landscape as it pertains to the Defendant has changed relatively little, as far as the § 3553(a) factors are concerned . . . .").

Defendant contends that consideration of the applicable factors warrants a reduction here to: 1) avoid the disparity created by the career-offender enhancement; and 2) reward Defendant for his post-sentencing rehabilitation.  (See Doc. No. 59).  The Court rejects Defendant's first argument.  The Court has already excluded that enhancement from the recalculation of the

---

unwarranted sentence disparities;" and the need for the sentence to "provide just punishment," "afford adequate deterrence," "protect the public," and "provide the defendant with . . . training, medical care, or other correctional treatment in the most effective manner." 18 U.S.C. § 3553(a).

guidelines range because the career offender enhancement is not applicable here due to intervening changes in the law. And, ironically, any "disparity" here lies with the fact that Defendant now receives the benefit of reconsideration of his sentence in light of intervening law *only* because he was convicted of an "covered offense" under the First Step Act. Robinson, No. 1:07-CR-00032-MR-4, 2021 WL 3726744, at \*9 ("The Fair Sentencing Act and the First Step Act were designed to correct a disparity between the treatment of crack cocaine defendants and other drug defendants, not to create the opposite disparity, or to grant a windfall to crack cocaine defendants."). In other words, because of guiding Fourth Circuit case law that currently governs this Court's analysis, Defendant's criminal conduct involving crack cocaine confers a *benefit* not received by other drug-trafficking defendants sentenced as career offenders, including crack-cocaine career offenders whose offenses post-date the enactment of the Fair Sentencing Act of 2010 but pre-date Norman.[2]

The record reflects Defendant's post-sentencing conduct while in the custody of the Bureau of Prisons. Since the imposition of his original sentence, Defendant has completed several educational programs and work assignments. (Doc. No. 60, p. 4). While the Court commends Defendant for his successful participation in these programs while in prison, the completion of these programs is not remarkable given the length of time Defendant has been incarcerated. See

---

[2] The Court finds persuasive Chief Judge's Reidinger's analysis in Robinson where he explained:

> After all, a defendant sentenced on the same day as the present Defendant for a conspiracy to distribute methamphetamine or heroin receives no benefit from Norman, because he is not eligible for First Step Act relief. Likewise, a defendant convicted of participating in a conspiracy to distribute cocaine base that occurred in September 2010 (the month after the adoption of the Fair Sentencing Act) would be ineligible for any relief based on Norman, even though a defendant committing this same offense in July 2010 would be eligible. In the same vein, a defendant with a pre-2010 conspiracy to distribute cocaine base for whom no drug quantity was alleged in the indictment would not be eligible for First Step Act relief and thus would derive no benefit from Norman either. See Terry v. United States, ––– U.S. ––––, 141 S. Ct. 1858, 1864, 210 L.Ed.2d 108 (2021) (holding that offender convicted under § 841(b)(1)(C) is not eligible for a sentence reduction under the First Step Act).

No. 1:07-CR-00032-MR-4, 2021 WL 3726744, at \*9 (W.D.N.C. Aug. 23, 2021)

United States v. High, 997 F.3d 181, 190 (4th Cir. 2021) (recognizing "While these are certainly positive factors, they are much more similar to the various educational courses Chavez-Meza had taken in prison than to the exceptional post-sentencing conduct of the defendants in Martin and McDonald." (citing Chavez-Meza, 138 S. Ct. at 1967; Martin, 916 F.3d at 396; United States v. McDonald, 986 F.3d 402, 412 (4th Cir. 2021)).  In addition, Defendant also has a history of disciplinary actions while in custody.  (Doc. No. 60, p. 3).  Although the frequency of Defendant's infractions has lessened over the years, the record also reflects an incident as recent as 2020.  In short, the Court finds Defendant's disciplinary infractions as a whole counter his positive achievements such that his post-sentencing conduct only slightly favors a reduction.

The Court finds that the balancing of § 3553(a) factors, when considered for this Defendant under this record and including his positive post-sentencing rehabilitation, counsel that a sentence reduction to a new imposed sentence of 200 months for Counts 1 and 2 concurrently and a reduction from five years to four years of supervised release is appropriate.  When considered with the 60 months consecutive imposed on Count 3, which remains undisturbed, this results in an aggregate term of 260 months with four years of supervised release.

### III.  CONCLUSION

For the reasons stated above, the Court finds a sentence of 200 months and four years of supervised release for Counts 1 and 2 is sufficient, but not greater than necessary, to meet the sentencing goals of punishment, deterrence, protection of the public, and rehabilitation undergirding 18 U.S.C. § 3553(a).  This ruling leaves unchanged the imposed sentence of 60 months for Count 3 to run concurrently with Counts 1 and 2.

11

IT IS THEREFORE ORDERED that Defendant's Motions for Reduced Sentence under the First Step Act (Doc. Nos. 50, 52, 59) are GRANTED. Defendant's sentence is reduced to an aggregate term of imprisonment of 260 months and 4 years of supervised release.

The Clerk is respectfully directed to prepare an Amended Judgment in accordance with this Order.

IT IS SO ORDERED.

Signed: April 12, 2022

Frank D. Whitney
United States District Judge

12